05-0711-cr
USA v. Espinoza

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

August Term, 2007

(Argued: November 7, 2007                    Decided: January 11, 2008)

Docket No. 05-0711-cr

UNITED STATES OF AMERICA,

*Appellee*,

-v.-

PEDRO ESPINOZA,

*Defendant-Appellant.*

Before: CABRANES, SACK, KATZMANN, *Circuit Judges.*

Appeal from a judgment of conviction entered in the United States District Court for the Eastern District of New York (Leonard D. Wexler, *Judge*), sentencing defendant principally to 360 months of incarceration. We conclude that the District Court's reliance on the record before it, including the Presentence Investigation Report, constitutes an adequate basis for the sentence imposed, and the District Court's failure to satisfy the "open court" requirement of 18 U.S.C. § 3553(c) was not plain error.

Affirmed.

MARY ANNE WIRTH, Bleakley Platt & Schmidt, LLP, White Plains, NY, *for Defendant-Appellant.*

SUSAN CORKERY, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney, Peter A. Norling, Assistant United States Attorney, *of Counsel*), United States Attorney's Office for the Eastern

1

District of New York, New York, NY, *for Appellee*

PER CURIAM:

Defendant-appellant Pedro Espinoza appeals from a judgment of conviction entered by the United States District Court for the Eastern District of New York (Leonard D. Wexler, *Judge*) sentencing him principally to 360 months of incarceration. He appeals the sentence only. Following a jury trial, Espinoza was found guilty of conspiracy to distribute and to possess with intent to distribute five or more kilograms of cocaine, and distribution and possession with intent to distribute five or more kilograms of cocaine in violation of 21 U.S.C. §§ 846, 841 (a)(1) & 841 (b)(1)(A)(ii)(II). On appeal, Espinoza argues that the District Court failed to state in open court both that it was applying a four-level role enhancement to his sentence and its reasons for doing so. Second, and relatedly, he contends that he suffered prejudice as a result of this failure because the only factual findings offered in support of this enhancement were set out in a Statement of Reasons form ("SOR")[1] that Espinoza did not receive until the Government filed its response brief on appeal—thereby denying him notice of the grounds on which his sentence was imposed. Espinoza also argues that the District Court District Court failed to consider, in the immediate aftermath of *United States v. Booker*, 543 U.S. 220 (2005), that the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") are advisory rather than mandatory.

## I.

During Espinoza's jury trial, the government presented evidence that Espinoza was a leader

---

[1] The SOR, a blank copy of which is appended to this opinion, is a four-page section at the end of the Judgment in a Criminal Case form issued by the Administrative Office of the United States Courts for the recording of sentencing decisions. Pursuant to 18 U.S.C. § 3553(c), a copy of the SOR must be provided "to the Probation System and to the Sentencing Commission,[] and if the sentence includes a term of imprisonment, to the Bureau of Prisons."

of the conspiracy that formed the subject of the trial.[2] After Espinoza was convicted but before he was sentenced, the United States Probation Office ("USPO") prepared a Presentence Investigation Report ("PSR") calculating Espinoza's total offense level at 42 based, in part, on the application of a four-level role enhancement pursuant to U.S.S.G. § 3B1.1(a).[3] Espinoza's recommended range of imprisonment under the Sentencing Guidelines, based on a total offense level of 42 and criminal history category of I, was 360 months to life.

At Espinoza's sentencing hearing, his counsel asserted that the role enhancement was not applicable but offered no evidence in support of this position. Before imposing sentence, the District Court asked Espinoza if he wished to make any objections or additions to the PSR. Espinoza stated that he did not. The District Court, noting that the guidelines were advisory but that 360 months appeared to represent "sufficient punishment," then imposed a sentence including 360 months of incarceration. No further mention was made of the role enhancement. However, the preprinted SOR accompanying the order of the District Court indicated that the District Court had "adopt[ed] the Presentence Report and Guideline Applications without Change."

## II.

Espinoza did not raise his objections to the application of the role enhancement and the alleged lack of specific findings supporting the enhancement, or their statement in open court, before the District Court. On appeal, he contends that, because the District Court did not state at the sentencing hearing that it was indeed applying the role enhancement, his failure to object is excused. However, it was clear from the arguments and the sentencing range discussed at the

[2] The jury was not, however, asked to make a determination as to his role in the offense.

[3] U.S.S.G. §3B1.1 reads in relevant part:

> Based on the defendant's role in the offense, increase the offense level . . . [i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels.

3

sentencing hearing, the PSR's application of the role enhancement to calculate the particular range under discussion, and the District Court's imposition of a sentence within that same range that the District Court had applied the role enhancement in question. Thus, because Espinoza was on notice that the Court was applying the role enhancement, his failure to object cannot be excused. We therefore review his claim for "plain error." *See* Fed. R. Crim. P. 52(b);[4] *United States v. Carter*, 489 F.3d 528, 537 (2d Cir. 2007).

"Our precedents are uniform in requiring a district court to make specific factual findings to support a sentence enhancement under U.S.S.G. § 3B1.1." *United States v. Molina*, 356 F.3d 269, 275 (2d Cir. 2004). A district court may satisfy this obligation by adopting the factual findings in the PSR, either at the sentencing hearing or in the written judgment. *Id.* at 275–76. However, in either event, the findings must be "adequate to support the sentence." *Carter*, 489 F.3d at 540. In this case, the District Court adopted the factual findings in the PSR without change in the SOR. Those factual findings include findings that Espinoza recruited another participant in the scheme; that he acted as a supervisor and coordinator; that he provided payments to others as part of the scheme; and that, because of his position of authority, he would have received a far greater amount of money than his co-conspirators. Because these findings are adequate to support the role enhancement, the Court satisfied its obligation to make specific findings.

Of course, while the adoption of the PSR in the written judgment satisfies a district court's obligation to make specific findings, it does not satisfy the additional requirement that the district court, "at the time of sentencing, . . . state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c); *see Molina*, 356 F.3d at 276–77. Here, the District Court failed to state its findings or explicitly adopt the PSR in open court. "[T]he failure of the . . . [C]ourt

---

[4] "A plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Fed. R. Crim. P. 52(b).

to give its reasons for enhancing defendant's sentence in open court we think troublesome." *Molina*, 356 F.3d at 278. It should have done so irrespective of whether Espinoza lost the ability to challenge the District Court's error on appeal by failing to interpose a timely objection before that Court.

Establishing that a sentencing court failed to fulfil the "open court" requirement is not, however, tantamount to establishing plain error. As we have previously noted, "failure to satisfy the open court requirement of § 3553(c) . . . does not constitute 'plain error' if the district court relies on the PSR, and the factual findings in the PSR are adequate to support the sentence." *Carter*, 489 F.3d at 540 (citing *Molina*, 356 F.3d at 277-78). Here, because the District Court relied on the findings in the PSR, and those findings are adequate to support the sentence, Espinoza has not shown "plain error." Thus, we need not remand for resentencing.

Espinoza's argument that he suffered prejudice arising from his late receipt of the SOR[5] is

---

[5] The SOR form associated with Espinoza's case was not included in the District Court's public file and does not appear on the trial court docket. At oral argument, we requested letter briefs from the parties addressing the origins and practices of the procedures surrounding the documentation of SOR forms in the Eastern District of New York. The Government, in its brief, provided a report by the Administrative Office of the United States Courts entitled "The Statement of Reasons for Use in Reporting Sentencing Decisions" ("the Report"). The Report states that the SOR was created in 1988 by the Criminal Law Committee of the Judicial Conference of the United States. It further states that, in 2000, the Judicial Conference, noting "the need to safeguard confidential information in the form"—including defendant's social security number, date of birth, residence address, age and race, *see* SOR at 4—sought to "place[] reasonable restrictions on public access to the form." As part of this effort, the Judicial Conference has "encouraged" courts "not to file the Statement of Reasons form in the public case file, or to keep these documents where they might mistakenly be disclosed to the public." However, the Report also notes that "[i]t is important that the judgment and Statement of Reasons forms be made available promptly to defense counsel, government attorneys, financial litigation units of the United States attorneys' office, probation and pretrial services offices, and if a term of imprisonment is imposed, the Federal Bureau of Prisons and the United States Marshals Service." At the top of the SOR form, there is a notation clearly indicating that the SOR is "Not for Public Disclosure."

We need not ourselves resolve the competing needs to safeguard confidential information, to enable the public to learn why a defendant received a particular sentence, and to make trial and judgment records available to defendants and their counsel. We conclude on this record that the practices of the Eastern District of New York—placement of the SOR in a separate file in the Clerk's Office, non-disclosure to the public, but availability to any counsel of record—did not prejudice Espinoza. Nonetheless, we find it cause for concern that defense counsel asserts that she had not heard of an SOR, Def. Ltr. Br. at 2 ("I had never heard of this document previously, and was not aware of any secure file in the Clerk's Office . . . where any such document called an SOR was kept outside the public record"), and the government admits that it could not locate the document in the original prosecutor's case file, Gov't Ltr. Br. at 2. We urge the Eastern District of New York to ensure that the judgment and Statement of Reasons be made available promptly to defense counsel and government attorneys.

5

unavailing for a similar reason. In the instant case, the SOR merely provides a written record that the District Court adopted the findings of the PSR without change. As the record indicates, Espinoza had the opportunity to review the PSR before his sentencing and was, at the sentencing hearing, put on notice of the District Court's reliance on PSR. Espinoza has therefore failed to establish the existence of any prejudice arising from his delayed receipt of the SOR.

## II.

Espinoza's second argument, that the District Court failed to consider the advisory nature of the Guidelines, is similarly without merit. The record shows that the District Court was well aware of the advisory nature of the Guidelines, recognized that it was not bound by the Guidelines, but determined, on the record before it, that 360 months was "sufficient punishment." Sentencing Tr. 11. Accordingly, we conclude that the sentence imposed on Espinoza was not procedurally unreasonable. *Cf. United States v. Fernandez*, 443 F.3d 19, 29-30 (2d Cir. 2006) (noting that "specific verbal formulations" are not necessary "to demonstrate the adequate discharge of the duty to consider matters relevant to sentencing" and explaining that "[a]s long as the judge is aware of [the requirements] that are arguably applicable, and nothing in the record indicates misunderstanding about such [matters] or misperception about their relevance, we will accept that the requisite consideration has occurred" (quoting *United States v. Fleming*, 397 F.3d 95, 100 (2d Cir. 2005) (internal quotation marks omitted)).

# CONCLUSION

We have considered all of petitioner's claims on appeal and find them to be without merit. Accordingly, we affirm the judgment of the District Court.

DEFENDANT:
CASE NUMBER:
DISTRICT:

# STATEMENT OF REASONS
### (Not for Public Disclosure)

**I    COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT**

    A    ☐    **The court adopts the presentence investigation report without change.**

    B    ☐    **The court adopts the presentence investigation report with the following changes.**

        (Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.) (Use page 4 if necessary.)

        1    ☐    **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level, or specific offense characteristics):

        2    ☐    **Chapter Three of the U.S.S.G. Manual** determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

        3    ☐    **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

        4    ☐    **Additional Comments or Findings** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):

    C    ☐    **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

**II    COURT FINDING ON MANDATORY MINIMUM SENTENCE** (Check all that apply.)

    A    ☐    No count of conviction carries a mandatory minimum sentence.

    B    ☐    Mandatory minimum sentence imposed.

    C    ☐    One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum does not apply based on

        ☐    findings of fact in this case

        ☐    substantial assistance (18 U.S.C. § 3553(e))

        ☐    the statutory safety valve (18 U.S.C. § 3553(f))

**III    COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):**

Total Offense Level: _____

Criminal History Category: _____

Imprisonment Range: _____ to _____ months

Supervised Release Range: _____ to _____ years

Fine Range: $ _____ to $ _____

☐    Fine waived or below the guideline range because of inability to pay.

DEFENDANT:
CASE NUMBER:
DISTRICT:

# STATEMENT OF REASONS
### (Not for Public Disclosure)

**IV    ADVISORY GUIDELINE SENTENCING DETERMINATION** (Check only one.)

A    ☐    The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.

B    ☐    The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons.
(Use page 4 if necessary.)

C    ☐    The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual.
(Also complete Section V.)

D    ☐    The court imposed a sentence outside the advisory sentencing guideline system. (Also complete Section VI.)

**V    DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** (If applicable.)

A    **The sentence imposed departs** (Check only one.):
☐ below the advisory guideline range
☐ above the advisory guideline range

B    **Departure based on** (Check all that apply.):

1    **Plea Agreement** (Check all that apply and check reason(s) below.):
☐ 5K1.1 plea agreement based on the defendant's substantial assistance
☐ 5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
☐ binding plea agreement for departure accepted by the court
☐ plea agreement for departure, which the court finds to be reasonable
☐ plea agreement that states that the government will not oppose a defense departure motion.

2    **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
☐ 5K1.1 government motion based on the defendant's substantial assistance
☐ 5K3.1 government motion based on Early Disposition or "Fast-track" program
☐ government motion for departure
☐ defense motion for departure to which the government did not object
☐ defense motion for departure to which the government objected

3    **Other**
☐ Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

C    **Reason(s) for Departure** (Check all that apply other than 5K1.1 or 5K3.1.)

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| ☐ | 4A1.3 | Criminal History Inadequacy | ☐ | 5K2.1 | Death | ☐ | 5K2.11 | Lesser Harm |
| ☐ | 5H1.1 | Age | ☐ | 5K2.2 | Physical Injury | ☐ | 5K2.12 | Coercion and Duress |
| ☐ | 5H1.2 | Education and Vocational Skills | ☐ | 5K2.3 | Extreme Psychological Injury | ☐ | 5K2.13 | Diminished Capacity |
| ☐ | 5H1.3 | Mental and Emotional Condition | ☐ | 5K2.4 | Abduction or Unlawful Restraint | ☐ | 5K2.14 | Public Welfare |
| ☐ | 5H1.4 | Physical Condition | ☐ | 5K2.5 | Property Damage or Loss | ☐ | 5K2.16 | Voluntary Disclosure of Offense |
| ☐ | 5H1.5 | Employment Record | ☐ | 5K2.6 | Weapon or Dangerous Weapon | ☐ | 5K2.17 | High-Capacity, Semiautomatic Weapon |
| ☐ | 5H1.6 | Family Ties and Responsibilities | ☐ | 5K2.7 | Disruption of Government Function | ☐ | 5K2.18 | Violent Street Gang |
| ☐ | 5H1.11 | Military Record, Charitable Service, Good Works | ☐ | 5K2.8 | Extreme Conduct | ☐ | 5K2.20 | Aberrant Behavior |
| | | | ☐ | 5K2.9 | Criminal Purpose | ☐ | 5K2.21 | Dismissed and Uncharged Conduct |
| ☐ | 5K2.0 | Aggravating or Mitigating Circumstances | ☐ | 5K2.10 | Victim's Conduct | ☐ | 5K2.22 | Age or Health of Sex Offenders |
| | | | | | | ☐ | 5K2.23 | Discharged Terms of Imprisonment |
| | | | | | | ☐ | | Other guideline basis (*e.g.*, 2B1.1 commentary) |

D    **Explain the facts justifying the departure.** (Use page 4 if necessary.)

DEFENDANT:
CASE NUMBER:
DISTRICT:

# STATEMENT OF REASONS
### (Not for Public Disclosure)

**VI    COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**
(Check all that apply.)

A·    **The sentence imposed is** (Check only one.):
☐ below the advisory guideline range
☐ above the advisory guideline range

B    **Sentence imposed pursuant to** (Check all that apply.):

1    **Plea Agreement** (Check all that apply and check reason(s) below.):
☐ binding plea agreement for a sentence outside the advisory guideline system accepted by the court
☐ plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable
☐ plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory guideline system

2    **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
☐ government motion for a sentence outside of the advisory guideline system
☐ defense motion for a sentence outside of the advisory guideline system to which the government did not object
☐ defense motion for a sentence outside of the advisory guideline system to which the government objected

3    **Other**
☐ Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system (Check reason(s) below.):

C    **Reason(s) for Sentence Outside the Advisory Guideline System** (Check all that apply.)

☐ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)

☐ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))

☐ to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))

☐ to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))

☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))

☐ to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))

☐ to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

D    **Explain the facts justifying a sentence outside the advisory guideline system.** (Use page 4 if necessary.)

DEFENDANT:
CASE NUMBER:
DISTRICT:

# STATEMENT OF REASONS
## (Not for Public Disclosure)

## VII   COURT DETERMINATIONS OF RESTITUTION

A   ☐   Restitution Not Applicable.

B   Total Amount of Restitution:   _____

C   Restitution not ordered (Check only one.):

1   ☐   For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

2   ☐   For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

3   ☐   For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

4   ☐   Restitution is not ordered for other reasons.  (Explain.)

D   ☐   Partial restitution is ordered for these reasons (18 U.S.C. § 3553(c)):

## VIII   ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE (If applicable.)

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

Defendant's Soc. Sec. No.:   _____     Date of Imposition of Judgment

Defendant's Date of Birth:   _____     _____

Defendant's Residence Address:   _____     Signature of Judge

Defendant's Mailing Address:   _____     _____
                                                               Name and Title of Judge
                                                               Date Signed   _____